PER CURIAM.
Granted. The court of appeal’s order is vacated, and the district court’s judgments dismissing relator’s original application for post-conviction relief on the merits without an evidentiary hearing, and his supplemental and amending petition, requesting an evidentiary hearing on a new claim, as premature, are reinstated. Because a defendant may enter a voluntary guilty plea while maintaining his actual innocence, the victim’s recantation of her initial accusation, over two years after relator entered his guilty plea, does not provide grounds for setting aside relator’s otherwise knowing and intelligent decision to forego trial and to enter a guilty plea “in his best interest.” See North Carolina v. Alford, 400 U.S. 25, 27, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970). Relator’s supplemental claim, first made after the court denied post-conviction relief, is in the nature of a successive application raising a new claim omitted from his original application. The court of appeal therefore erred in ordering the court to conduct a hearing on the claim before the state has lodged its procedural objections and before the court has ruled on those objections or considered whether “the factual and legal issues” raised in the claim may be disposed of summarily “without further proceedings.” La.C.Cr.P. art. 929.